IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3088 |
| vs. | |
| ANAYANCY CASTRO HERNANDEZ, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report and addendum to the presentence report in this case. The defendant objects (filing 830) to the presentence investigation report and moves for variance (filing 831). The defendant also filed a sentencing memorandum (filing 832) requesting downward departure under U.S.S.G. §§ 5K2.20 and 5H1.6.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to paragraphs 156 and 159 of the presentence investigation report, which describe the offense conduct. Those objections will be resolved at sentencing, based on the evidence presented at the trial that was held in this matter (filing 809; filing 810; filing 811; filing 812; filing 813; filing 814; filing 815; filing 816; filing 817; filing 818) and any additional evidence adduced at sentencing.

The defendant also moves for departure under U.S.S.G. §§ 5K2.20 and 5H1.6. A defendant bears the burden of proving the appropriateness of a downward departure. *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993). Section 5K2.20 provides for departure for aberrant behavior, but "[t]he court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked

deviation by the defendant from an otherwise law-abiding life." §5K2.20(b). As the defendant admits, the guideline "contemplates actions more spontaneous and impulsive in nature, rather than a plan or scheme that lasted over a period of time." Filing 832 at 5. Accordingly, the Court questions whether the defendant can make the necessary showing for departure under this section. Nonetheless, the Court will resolve this motion at sentencing.

Section 5H1.6 provides that family ties and responsibilities are "not ordinarily relevant in determining whether a departure may be warranted." However, the commentary suggests a court may consider a departure based on loss of caretaking or financial support of the defendant's family. § 5H1.6 cmt. 1(B). The defendant's arguments for departure under § 5H1.6 are largely based on personal characteristics and circumstances that also support her claim for variance. Therefore, the Court will resolve both the defendant's motion for departure under § 5H1.6 and request for variance at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 3rd day of January, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge